COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| T.A., | § | No. 08-13-00123-CV |
| Appellant, | § | Appeal from the |
| v. | § | 109th District Court |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, | § | of Andrews County, Texas |
| | § | |
| Appellee. | § | (TC# 18,809) |
| | § | |

## **O P I N I O N**

In this accelerated appeal, Appellant T.A. appeals from the trial court's order terminating her parental rights to her child, S.D.A. We affirm.

## **DISCUSSION**

In two issues, T.A. challenges the legal and factual sufficiency of the evidence to support the trial court's termination of her parental rights based upon the best interest of the child under Texas Family Code section 161.001(2). *See* TEX. FAM. CODE ANN. § 161.001 (West 2008). We address these issues together.

In a proceeding to terminate parental rights, the petitioner must demonstrate by clear and convincing evidence that: (1) the parent committed one or more of the acts specifically set forth

in Texas Family Code section 161.001(1) as grounds for termination; and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West 2008). "Clear and convincing evidence" means the measure or degree of proof that "will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2008); *see In re J.F.C.,* 96 S.W.3d 256, 263 (Tex. 2002); *see also In re J.A.J.,* 243 S.W.3d 611, 616 (Tex. 2007)(contrasting the standards applied in termination proceedings and the standards applied in modification proceedings). We strictly scrutinize termination proceedings and construe any statutes authorizing involuntary termination in favor of the parent. *Holick v. Smith*, 685 S.W.2d 18, 20-21 (Tex. 1985).

When reviewing legal sufficiency challenges to termination findings, we consider all of the evidence in the light most favorable to the finding "to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.P.B.,* 180 S.W.3d 570, 573 (Tex. 2005), *quoting In re J.F.C.,* 96 S.W.3d at 266. We give deference to the fact finder's conclusions and presume the fact finder resolved any disputed facts in favor of its findings, so long as a reasonable fact finder could do so. *Id.; In re J.F.C.,* 96 S.W.3d at 266. We disregard any evidence that a reasonable fact finder could have disbelieved, or found to have been incredible, but we do not disregard undisputed facts. *In re J.P.B.,* 180 S.W.3d at 573; *In re J.F.C.,* 96 S.W.3d at 266.

In reviewing the evidence for factual sufficiency, we must give due deference to the fact finder's findings, and we cannot supplement such judgment with our own. *In re H.R.M.,* 209 S.W.3d 105, 108 (Tex. 2006). We determine whether, "in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so

2

significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *In re H.R.M.,* 209 S.W.3d at 108; *In re J.F.C.,* 96 S.W.3d at 266.

*Best Interest of Child*

There is a strong presumption that a child's best interests are served by maintaining the parent-child relationship. *In re S.M.,* 389 S.W.3d 483, 493 (Tex.App.—El Paso 2012, no pet.). In *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976), the Texas Supreme Court has identified nine non-exhaustive factors that are relevant in determining whether termination of parental rights is in the best interest of the child. The nine, non-exhaustive *Holley* factors are: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parenting abilities of the parties seeking custody; (5) the programs available to assist the parties seeking custody; (6) the plans for the child by the parties seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omission committed by the parent which may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions committed by the parent. *Holley*, 544 S.W.2d at 371-72.

The determination of a child's best interest does not require proof of any unique set of factors, and it does not limit proof to any specific factors. *Holley*, 544 S.W.2d at 371-72. The same evidence of acts or omissions used to establish grounds for termination under section 161.001(1) may be probative in determining whether termination of parental rights is in the best interest of the child under section 161.001(2). *See* TEX.FAM.CODE ANN. § 161.001 (West 2008); *In re S.M.,* 389 S.W.3d at 492-94, *citing In re C.H.,* 89 S.W.3d at 28. Termination of the

3

parent-child relationship is not justified when the evidence shows merely that a parent's failure to provide a more desirable degree of care and support of the child is due solely to misfortune or the lack of intelligence or training, and not to indifference or malice. *In re S.M.,* 389 S.W.3d at 492-94, *citing Clark v. Dearen,* 715 S.W.2d 364, 367 (Tex.App.—Houston [1st Dist.] 1986, no writ).

*The Evidence*

T.A. was not present at the final termination hearing but was represented by counsel.[1] At the hearing, S.D.A.'s caseworker, Kristie Saenz, testified that the Texas Department of Family and Protective Services (the Department), Appellee, filed a petition for protection of S.D.A., for conservatorship, and for termination of parental rights in April 2012, due to allegations of domestic violence between S.D.A's parents and the lack of a safe and stable home. During its investigation of T.A., the Department learned of allegations that T.A. possibly suffered from untreated mental health issues and had been using drugs while caring for S.D.A. According to Saenz, T.A. admitted that she did not have a home and slept in her car or on friends' sofas. In her first drug test, T.A. tested positive for methamphetamines and amphetamines.

S.D.A. was formally removed from T.A.'s care in May 2012, and was temporarily placed in Montgomery County with Mr. and Mrs. A. The Department prepared a service plan for T.A. to provide her with the knowledge and skills necessary for successful reunification with S.D.A. The service plan required T.A. to have psychological and other mental health evaluations, participate in a substance-abuse assessment, perform random drug tests, and attend counseling, parenting

---

[1] T.A. had been served with citation and had appeared at the full adversary hearing held on May 17, 2012, pursuant to Texas Family Code section 262.205. TEX. FAM. CODE ANN. § 262.205 (West 2008). On that same day, the trial court issued a scheduling order setting the final trial of the case for April 18, 2013, and also issued a temporary order which also included notice of the setting of the final trial on the merits. The temporary order was signed by T.A.'s counsel.

4

classes, drug rehabilitation, as well as domestic violence counseling. In October, T.A. tested positive for marijuana and failed to participate in other requested drug testing. T.A. also failed to initiate any services set forth in the service plan. After T.A. failed to make regular monthly contact with the caseworker, the Department made attempts to find T.A. through its diligent-search unit and was unsuccessful. When Saenz went to T.A.'s last known address, she found the location to be abandoned.

T.A. had visited with S.D.A. eleven months earlier after a court hearing in May 2012. Although she was permitted to visit S.D.A. in Montgomery County and was permitted to arrange visits at other locations as well, T.A. did not travel to Montgomery County to visit S.D.A. and no evidence was presented to show that T.A. had subsequently visited S.D.A. after May 2012. According to Saenz, when T.A. contacted the Department, she never requested assistance in arranging visits with S.D.A. T.A. sent two text messages in the week preceding the April 2013 termination hearing wherein she asked about S.D.A., and sought an address at which to mail a birthday gift to S.D.A. Those were T.A.'s first inquiries about S.D.A. since Christmas 2012.

Although the Department had made reasonable efforts to assist in the reunification of T.A. and S.D.A., Saenz testified that there was no reason to believe T.A. had a stable home or job and stated that the Department was seeking termination of parental rights, in part, based on T.A.'s constructive abandonment of S.D.A., because T.A. had failed to comply with the service plan, and because termination was in the best interest of S.D.A.

The hearing occurred two days after S.D.A.'s second birthday and there is no evidence that S.D.A. could articulate her desires. However, according to Saenz, the termination of T.A.'s parental rights is in S.D.A.'s best interest because T.A. has proven that she is unable to provide for

5

S.D.A.'s emotional and physical needs now and in the future. Saenz testified that termination is also in the best interest of S.D.A. because she has lived half of her life with her maternal relatives, Mr. and Mrs. A., a couple married nearly forty years who have proven they are able to provide for S.D.A.'s needs and to whom S.D.A. has become "extremely bonded." The child refers to Mr. A. as "daddy." Mr. and Mrs. A. own their home, have raised two children to productive adulthood, have kept all medical and dental appointments for S.D.A.'s care, have indicated to Saenz a willingness to care for S.D.A. for all of her life, and had commenced adoption procedures to the extent possible at the time of the hearing. Mr. and Mrs. A. are without impairments such as drug use, domestic violence, or mental illness, and are neither receiving nor would need any government assistance to care for S.D.A. Saenz testified that Mr. and Mrs. A. have proven they are able to meet S.D.A.'s emotional and physical needs now and in the future. Mr. and Mrs. A. have provided S.D.A. a stable home with safety measures in place for an active toddler, plenty of space, and located in a good school district. Mr. A. has a "good, steady job" and Mrs. A. is at home all day to care for S.D.A.

On cross-examination by T.A.'s counsel, Saenz admitted that she assumed but has no knowledge of T.A.'s location or employment, and stated that she has no knowledge that T.A. is without a stable home or employment. However, no evidence was offered to show T.A.'s location or that she is employed or has a stable home and no evidence was presented to show T.A.'s plans for S.D.A. in the event she was returned to T.A.'s custody.

Upon examination by S.D.A.'s guardian ad litem, Saenz testified that the Department did everything it could to locate T.A. before the hearing. Saenz also testified that if T.A. had been unable to reach any present or former caseworker, she would have been able to contact a

supervisor or the Child Protective Services office in Andrews County.

Mrs. A. testified that she has been S.D.A.'s caregiver for more than a year, that she and her husband love S.D.A., and that if permitted, it is their desire to adopt and keep S.D.A. in their home, which Mrs. A. believes is in S.D.A.'s best interest. When asked if she had information about T.A.'s failure to appear at the hearing, Mrs. A. explained that T.A. normally doesn't have a home, lives "with whoever," and "still has a drug problem," but noted that she does occasionally call.

Considering all of the evidence in the light most favorable to the finding, we conclude the evidence is legally sufficient because a reasonable trier of fact could have formed a firm belief or conviction that its finding that termination of T.A.'s parental rights was in the best interest of S.D.A. was true. *In re J.P.B.,* 180 S.W.3d at 573; *In re J.F.C.,* 96 S.W.3d at 266. In light of the entire record, we determine that the disputed evidence is factually sufficient to permit a fact finder to reasonably form a firm belief or conviction about the truth of the Department's allegations and a finding that termination of T.A.'s parental rights is in the best interest of S.D.A. *See In re H.R.M.,* 209 S.W.3d at 108; *In re J.F.C.,* 96 S.W.3d at 266. Issues One and Two are overruled.

## CONCLUSION

The judgment of the trial court is affirmed.


GUADALUPE RIVERA, Justice

September 11, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.

7